IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BETHNY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-13353 (CSS)<br>(Jointly Administered)<br><br>Objection Deadline: October 16, 2009 @ 4:00 p.m.<br>Hearing Date: October 23, 2009 @ 9:00 a.m. |

**APPLICATION OF THE DEBTORS PURSUANT TO BANKRUPTCY CODE
SECTION 327(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 AND
LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
EDWARDS ANGELL PALMER & DODGE LLP AS COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtors' retention and employment of Edwards Angell Palmer & Dodge LLP ("EAPD" or the "Firm") as counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on the following, filed contemporaneously herewith and incorporated by reference as if fully set forth herein: (i) the Firm's *Statement Under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code,* and (ii) the *Affidavit of Stuart M. Brown in Support of Application of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Edwards Angell Palmer &*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bethny, LLC (4404); Bethny Place, LLC (3536); and Bethny I, LLC (4756). The address for all three debtors is P.O. Box 34948, 10421 Motor City Drive, Bethesda, Maryland 20817.

*Dodge LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Brown Affidavit"). In support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are section 327(a) of title 11 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## Background

3. On September 29, 2009 (the "Petition Date"), the Debtors each filed a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and managing their businesses as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in the *Declaration of Barbara Parasco in Support of Debtors' First Day Motions* (the "Parasco Declaration") filed contemporaneously with petitions on the Petition Date and incorporated herein by reference, and the record of the hearing before the Court on October 1, 2009.

## Relief Requested

5. By this Application, the Debtors seek to employ and retain EAPD as their counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request the entry of an order pursuant to section 327(a) of

the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing them to employ and retain the firm of EAPD *nunc pro tunc* as of the Petition Date under a general retainer to perform the legal services that will be necessary during these chapter 11 cases, pursuant to the terms set forth in the Application and the Brown Affidavit.

6. The Debtors seek to retain EAPD as their counsel in these cases because of the Firm's knowledge of the Debtors and their businesses prior to the Petition Date, the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and the Firm's expertise, experience and knowledge practicing before this Court.

7. Subject to the Court's approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to EAPD on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by EAPD. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

   a. Selinda A. Melnik (Partner)        $580

   b. Stuart M. Brown (Partner)          $580

   c. Fotini A. Antoniadis (Associate)   $360

   d. Carolyn B. Fox (Paralegal)         $200

8. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. In addition, the Debtors have been receiving and will continue to receive a discount of 12% on services provided by EAPD in connection with the Debtors' bankruptcy filing. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

9. The hourly rates set forth above are EAPD's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate EAPD for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The expenses charged to clients include, among other things, conference call, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by EAPD to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. EAPD will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to EAPD's other clients.

10. The professional services that EAPD will render to the Debtors include, but shall not be limited to, the following:

   a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued management and liquidation of their property;

   b. preparing on behalf of the Debtors necessary applications, motions, answers, proposed orders, reports, and other legal papers;

   c. appearing in Court on behalf of the Debtors and in order to protect the interests of the Debtors before the Court;

   d. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

   e. performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

11. To the best of the Debtors' knowledge, except as otherwise disclosed in the Brown Affidavit submitted concurrently herewith, EAPD has not represented the Debtors' creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

12. To the best of the Debtors' knowledge, EAPD does not hold or represent any interest adverse to the Debtors' estates, EAPD is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and EAPD's employment is necessary and in the best interests of the Debtors and their estates.

13. EAPD has received payments from the Debtors during the year prior to the Petition Date in the amount of $369,560.21 for services rendered and reimbursement of expenses, incurred primarily in connection with the Debtors' restructuring efforts and ultimate wind down of their businesses. EAPD was paid in advance through the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as EAPD's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code. In addition, EAPD received and is in possession of an advance payment retainer in the amount of $143,000.

14. The Debtors understand that EAPD hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay EAPD its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Brown Affidavit, and to reimburse EAPD according to its customary reimbursement policies, and submit that such rates are reasonable.

### Notice

16. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' secured lender; (iii) the creditors holding the twenty largest unsecured claims against the Debtors on a consolidated basis, or their legal counsel (if known); and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: October 7, 2009

BETHNY, LLC, BETHNY PLACE, LLC
BETHNY I, LLC,
Debtors and Debtors-in-Possession

By: *[signature]*
Barbara Parasco
Title: Chief Executive Officer